IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


TARA N. SHEPHERD                                        PLAINTIFF
1416 Cloverhills Drive
Louisville, Kentucky 40216


                              Case No. ___3:17-CV-662-CRS___

v.                            Judge ___Charles R. Simpson, III___



EQUIFAX INFORMATION SERVICES, LLC              DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:     CSC-Lawyers Incorporating Service Co.
                   421 W. Main Street
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)


AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:     The Prentice Hall Corporation System
                   421 W. Main Street
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:      CT Corporation System
                     306 W. Main Street, Suite 512
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

**\*\* \*\* \*\* \*\***

## VERIFIED COMPLAINT

Comes the Plaintiff, Tara N. Shepherd, by counsel, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of the Defendants' false reporting of Plaintiff's alleged active duty military status and an alleged "fraud alert" on Plaintiff's credit reports and Defendants' failure to investigate Plaintiff's disputes regarding Defendants' false and derogatory reporting.

## II. PARTIES

2.      Plaintiff, Tara N. Shepherd, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1416 Cloverhills Drive, Louisville, Kentucky 40216.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5.      Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.      Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7.      Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8.      Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9.      Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10.     Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11.     Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12.     Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

13.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving

rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV. <u>FACTUAL BACKGROUND</u>

14.    In August 2017, Plaintiff was hired by Humana in Louisville as an Open Enrollment Automated Specialist and began formal training for the position. Plaintiff was paid $15.00 per hour for her work for Humana.

15.    In order to perform her job with Humana, Plaintiff was required to use Humana's MARX System which, among other things, contains consumers' private health information. Given Plaintiff's exposure to sensitive consumer information, Humana required that Plaintiff undergo a background check during her training period, including a check of Plaintiff's credit history.

16.    Soon after Humana hired Plaintiff, Humana accessed Plaintiff's credit history in order for Plaintiff to use the MARX System and discovered that Plaintiff's Equifax, Trans Union, and Experian credit reports falsely stated that Plaintiff was on active duty with the military and that there was a "fraud alert" in connection with Plaintiff's credit reports.

17.    Plaintiff is not now and has never been a member of the military, and Plaintiff has never requested a "fraud alert" from any of the Defendants.

18.    Immediately upon its discovery of the above-described false and derogatory information, Humana advised Plaintiff that Humana would terminate Plaintiff's employment unless Plaintiff corrected the false and derogatory information on her credit reports within seven days.

19.    Plaintiff immediately disputed by telephone to Equifax, Trans Union, and Experian the active duty military status and "fraud alert" information contained on Plaintiff's credit reports.

20.    On September 1, 2017, Plaintiff called Experian and disputed the false and

derogatory information on her Experian credit report. Plaintiff was advised by Experian that Trans Union originated the false reporting and that Plaintiff should contact Trans Union to resolve the issue.

21.    That same day, September 1, 2017, Plaintiff called Trans Union and disputed the false and derogatory information on her Trans Union credit report. Plaintiff was advised by Trans Union that Equifax originated the false reporting and Plaintiff should contact Equifax to resolve the issue.

22.    Also on September 1, 2017, Plaintiff contacted Equifax and disputed the false and derogatory information on her Equifax credit report. Equifax requested that Plaintiff forward to Equifax copies of Plaintiff's Social Security card and Plaintiff's picture ID. Plaintiff faxed the requested information to Equifax at 4:24 p.m. on September 1. When Plaintiff contacted Equifax later that day to confirm Equifax's receipt of the information, Equifax confirmed receipt of the information and further advised Plaintiff that it would take 48 hours for Equifax to upload the information to their computer system.

23.    On September 5, 2017, the Monday after Labor Day, Plaintiff again called Equifax and inquired regarding the status of her dispute. This time, Equifax advised Plaintiff that it could not find the information Plaintiff faxed to Equifax on September 1, and which Equifax confirmed it had received on September 1, and that the information could have been lost in Equifax's mail room. Equifax then told Plaintiff to call back on September 6.

24.    Per Equifax's instructions, Plaintiff called Equifax on September 6 to inquire regarding the status of her dispute. Equifax again advised Plaintiff that Equifax had apparently lost the information Plaintiff had sent to Equifax on September 1. Equifax told Plaintiff to resend the information.

25.    Per Equifax's instructions, Plaintiff re-faxed the requested documents – copies of Plaintiff's Social Security card and Plaintiff's picture ID – to Equifax on September 6.

26.    On September 8, 2017, Humana terminated Plaintiff's employment due to Plaintiff's inability to correct the false and derogatory information stated on Plaintiff's Equifax, Trans Union and Experian credit reports.

27.    On September 15, 2017, Plaintiff received a letter from Equifax stating that the information Plaintiff faxed to Equifax on September 6 didn't match the information contained in Equifax's records.

28.    On September 24, 2017, Plaintiff applied for and was denied a cell phone account with AT&T due to the active military and "fraud alert" status on her Equifax, Trans Union, and Experian credit reports.

29.    As of September 27, 2017, Plaintiff's Equifax, Trans Union and Experian credit reports still show Plaintiff as an active duty member of the military and a "fraud alert" in connection with Plaintiff's credit history.

30.    Despite Plaintiff's lawful requests for removal of the disputed information from her credit reports pursuant to the FCRA, Equifax, Trans Union, and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed information from Plaintiff's credit reports.

31.    Upon information and belief, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed information within a reasonable time following Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

32.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false

reporting of Plaintiff's false reporting of the subject information. In addition, Plaintiff has been denied employment and has suffered humiliation, embarrassment and emotional distress as a result of Defendants' failure to investigate Plaintiff's disputes and Defendants' inaccurate credit reporting.

## V. CLAIMS

### Negligence – Equifax

33.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report, despite Plaintiff's lawful request to Equifax to investigate the dispute and her notice to Equifax of the falsity of the information, was negligent.

35.     In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

36.     Equifax's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, a loss of employment for Plaintiff, and other compensatory and consequential damages.

37.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notice to Equifax of the falsity of the information, was willful and wanton,

entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

38.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report, despite Plaintiff's lawful request to Trans Union to investigate the dispute and her notice to Trans Union of the falsity of the information, was negligent.

40.     In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

41.     Trans Union's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, a loss of employment for Plaintiff, and other compensatory and consequential damages.

42.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notice to Trans Union of the falsity of the information, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

43.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Experian credit report, despite Plaintiff's lawful request to Experian to investigate the dispute and her notice to Experian of the falsity of the information, was negligent.

45.     In failing to investigate Plaintiff's dispute and in failing to remove the false and derogatory information, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

46.     Experian's negligent failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, a loss of employment for Plaintiff, and other compensatory and consequential damages.

47.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the false and derogatory information from Plaintiff's credit report, despite Plaintiff's lawful request to investigate and her notice to Experian of the falsity of the information, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Equifax

48.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Humana and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff is an

active duty member of the military and that there is a "fraud alert" in connection with Plaintiff's credit history. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

50.     Equifax's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Trans Union

51.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52.     Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Humana and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff is an active duty member of the military and that there is a "fraud alert" in connection with Plaintiff's credit history. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53.     Trans Union's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Experian

54.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55.     Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Humana and other currently

unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff is an active duty member of the military and that there is a "fraud alert" in connection with Plaintiff's credit history. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

56.     Experian's publication of false statements regarding Plaintiff amount to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

57.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request for investigation and Equifax's knowledge of the falsity of the disputed information are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

61.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request for investigation and Trans Union's knowledge of the falsity of the disputed information are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63.     Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

65.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66.     Experian's failure to investigate Plaintiff's dispute and its failure to remove the disputed false and derogatory information from Plaintiff's credit report despite Plaintiff's request

for investigation and Experian's knowledge of the falsity of the disputed information are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, its failure to investigate Plaintiff's dispute, and its failure to make any and/or sufficient attempts to remove the disputed false and derogatory information from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

69.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70.     Equifax's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Equifax credit report despite Equifax's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

71.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Equifax's receipt

of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

72.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

73.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74.     Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Trans Union credit report despite Trans Union's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75.     Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

76.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

77.   Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.   Experian's failure to investigate Plaintiff's dispute and its failure to remove the subject false and derogatory information from Plaintiff's Experian credit report despite Experian's receipt of Plaintiff's dispute and its knowledge of the falsity of the subject information are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79.   Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed information within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80.   Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Tara N. Shepherd, respectfully demands the following:

1.   Trial by jury on all issues so triable;

2.   Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.   For attorneys' fees and costs; and,

4.   Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,


*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Tara N. Shepherd, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Tara Shepherd*

Tara N. Shepherd

COMMONWEALTH OF KENTUCKY )
                                  ) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Tara N. Shepherd this _6_ day of _October_, 2017.

*RLC Rojko*

Notary Public

Commission expires: _March 28, 2018_

Notary Public, State of Large, KY
My Commission Expires Mar. 28, 2018